# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * * *
LACOLE WILLIS,
          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * *

No. 13-722V
Special Master Christian J. Moran

Filed: March 6, 2015

Stipulation; trivalent influenza
("flu") vaccine; dysautonomia;
central sensitization syndrome;
attorneys' fees and costs.

Andrew D. Downing, Van Cott & Talamante, Phoenix, AZ, for Petitioner;
Julia McInerny, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION**[1]

On March 4, 2015, respondent filed a joint stipulation concerning the petition for compensation filed by Lacole Willis on September 24, 2013. In her petition, Ms. Willis alleged that the trivalent influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on October 18, 2012, caused her to suffer dysautonomia, central sensitization syndrome, and other injuries as a result of her flu vaccination. Petitioner further alleges that she experienced the residual effects of these conditions for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

Respondent denies that the flu vaccine caused petitioner's alleged dysautonomia, central sensitization syndrome or any other injury.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees and costs, on the terms set forth therein.

Compensation awarded in that stipulation includes:

**A. A lump sum payment of $85,000.00 in the form of a check payable to petitioner, Lacole Willis. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

**B. A lump sum of $26,500.00 in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, Van Cott & Talamante, 2025 N. Third Street, Suite 260, Phoenix, AZ 85004, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-722V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

LACOLE WILLIS, )
 )
    Petitioner, ) No. 13-722V
 ) **Special Master Moran**
v. ) ECF
 )
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
 )
    Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Lacole Willis ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] Petitioner seeks compensation for injuries allegedly related to her receipt of a trivalent influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu vaccine on October 18, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered dysautonomia, central sensitization syndrome, and other injuries as a result of her flu vaccination. Petitioner further alleges that she experienced the residual effects of these conditions for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

---

[1] Petitioner amended her petition on July 11, 2014 alleging central sensitization syndrome and other vaccine-related injuries.

6. Respondent denies that the flu vaccine caused petitioner's alleged dysautonomia, central sensitization syndrome or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> a. A lump sum of $85,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

> b. A lump sum of $26,500.00 in the form of a check jointly payable to petitioner and petitioner's attorney, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

10. Payment made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award

for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 18, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about September 24, 2013 and amended on July 11, 2014, in the United States Court of Federal Claims as petition No. 13-722V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

3

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to suffer her alleged injuries or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*LaCole Willis*
LACOLE WILLIS

ATTORNEY OF RECORD FOR
PETITIONER:

ANDREW D. DOWNING
VAN COTT & TALAMANTE
2025 N. Third Street
Suite 260
Phoenix, AZ 85004
(602) 257-9160

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 3.4.15

ATTORNEY OF RECORD FOR
RESPONDENT:

JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

5